The Honorable Benjamin H. Settle

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   MEGHAN BAKER,

9            Plaintiff,

10       v.

11   THOMAS B. MODLY,[1] ACTING
   SECRETARY OF THE NAVY

12

13            Defendant.

Case No. 3:19-cv-06027-BHS

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES

14

15       Defendant Thomas B. Modly, Acting Secretary of the United States Department of the

16   Navy ("Defendant"), by and through his attorneys, Brian T. Moran, United States Attorney for

17   the Western District of Washington, and Sarah K. Morehead, Assistant United States Attorney

18   for said District, hereby answers Plaintiff's Complaint as follows:

19                          **I.     JURISDICTION AND VENUE**

20

21

22

23   [1] Thomas B. Modly is currently the Acting Secretary of the Navy and is therefore automatically substituted in his
   official capacity as the proper defendant under Fed. R. Civ. P. 25.

24

25

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 1

1.1     The allegations of Paragraph 1.1 call for a legal conclusion; to the extent an answer is required, defendant denies the allegations contained therein and puts plaintiff to her proof.

1.2     The allegations of Paragraph 1.2 call for a legal conclusion; to the extent an answer is required, defendant denies the allegations contained therein and puts plaintiff to her proof.

1.3     The allegations of Paragraph 1.3 call for a legal conclusion; to the extent an answer is required, defendant denies the allegations contained therein and puts plaintiff to her proof.

1.4     The allegations of Paragraph 1.4 call for a legal conclusion; to the extent an answer is required, defendant denies the allegations contained therein and puts plaintiff to her proof.

## II.     STATUS OF PLAINTIFF

2.1     Defendant lacks information sufficient to admit or deny the allegations of the paragraph and therefore denies the same.

2.2     Defendant admits the allegation of Paragraph 2.2.

2.3     Defendant admits the allegations of the first sentence of Paragraph 2.3.  The second sentence of the paragraph states a legal conclusion, to which no answer is required, so defendant therefore denies the same.

## III.     STATUS OF DEFENDANT

3.1     Defendant admits that it is a federal agency.  The remainder of the paragraph states a legal conclusion, to which no answer is required, so defendant therefore denies the same.

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

3.2     The allegations of the paragraph state a legal conclusion, to which no answer is required, so defendant therefore denies the same.

3.3     Defendant admits the allegation of Paragraph 3.3.

3.4     Defendant admits the allegation of Paragraph 3.4.

## IV. FACTS

4.1     Defendant references its answers to the paragraphs in section I, II, and III and incorporates them herein.

4.2     Defendant admits the allegation of Paragraph 4.2

4.3     Defendant admits the allegation of Paragraph 4.3

4.4     Defendant lacks information sufficient to admit or deny the allegations of the paragraph and therefore denies the same.

4.5     Defendant lacks information sufficient to admit or deny the allegations of the paragraph and therefore denies the same.

4.6     Defendant lacks information sufficient to admit or deny the allegations of the paragraph and therefore denies the same.

4.7     Defendant admits on August 23, 2018, Plaintiff's supervisor learned that Plaintiff was breast-feeding. Defendant lacks information sufficient to admit or deny the allegations of the remainder of the paragraph and therefore denies the same.

4.8     Defendant admits Plaintiff was sent to the Branch Clinic to be medically evaluated. Defendant lacks information sufficient to admit or deny the allegations of the remainder of the paragraph and therefore denies the same.

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 3

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

4.9     Defendant admits Plaintiff was issued work limitations on August 23, 2018. Defendant lacks information sufficient to admit or deny the allegations of the remainder of the paragraph and therefore denies the same.

4.10    Defendant admits Plaintiff was sent to the Injured Worker Program due to the work limitations issued by the Branch Clinic. Defendant denies the reminder of Paragraph 4.10.

4.11    Defendant lacks information sufficient to admit or deny the allegations of the paragraph, and therefore denies the same.

4.12    Defendant admits Mr. Ryan Newton, IWP Supervisor, sent Plaintiff home in an unpaid leave status.  Defendant denies the remainder of Paragraph 4.12.

4.13    Defendant lacks information sufficient to admit or deny the allegations of the paragraph and therefore denies the same.

4.14    Defendant lacks information sufficient to admit or deny the allegations of the paragraph and therefore denies the same.

4.15    Defendant denies the allegations of the paragraph.

## V.     FOR A FIRST CAUSE OF ACTION
## DENIAL OF REASONABLE ACCOMMODATION

5.1     Defendant references its answers to the paragraphs in sections I, II, III, and IV and incorporates them herein.

5.2     The allegations of the paragraph state a legal conclusion, to which no answer is required, so defendant therefore denies the same.

5.3     The allegations of the paragraph state a legal conclusion, to which no answer is required, so defendant therefore denies the same.

5.4     Defendant denies the allegation of Paragraph 5.4.

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

5.5     Defendant denies the allegation of Paragraph 4.5.

5.6     The allegations of the paragraph state a legal conclusion, to which no answer is required, so defendant therefore denies the same.

5.7     Defendant denies the allegations of the paragraph.

## VI.     FOR A SECOND CAUSE OF ACTION
## SEX DISCRIMINATION

6.1     Defendant references its answers to the paragraphs in sections I, II, III, IV, and V and incorporates them herein.

6.2     The allegations of the paragraph state a legal conclusion, to which no answer is required, so defendant therefore denies the same.

6.3     The allegations of the paragraph state a legal conclusion, to which no answer is required, so defendant therefore denies the same.

6.4     Defendant denies the allegation of Paragraph 6.4.

## VII.     PRAYER FOR RELIEF

This paragraph contains Plaintiff's Prayer for Relief to which no answer is necessary.  To the extent an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief asked for, or to any other relief.

## DENIAL OF ANY CLAIM NOT ADMITTED

To the extent that any claim in plaintiff's complaint is not specifically admitted herein, it is hereby expressly denied.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1.     The Complaint fails to state a claim against Defendant upon which relief can be granted.

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

2.     All actions taken by Defendant with respect to Plaintiff were based upon legitimate, nondiscriminatory reasons.  Defendant would have taken the same actions regardless of any alleged discrimination.

3     Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

4.     Plaintiff may have failed to exhaust her administrative remedies with respect to some or all of her claims.

5.     Plaintiff failed to timely exhaust some or all of her claims.

6.     Some or all of Plaintiff's claims are barred by the Civil Service Reform Act.

7.     The United States has not waived sovereign immunity with respect to some or all of Plaintiff's claims.

8.     Defendant has had a legitimate business reason for every action taken regarding Plaintiff, including but not limited to the actions admitted herein, and would have taken the same actions regardless.

9.     Defendant's actions, about which Plaintiff now complains, were taken in a fair, reasonable, and lawful manner under the circumstances then existing.

10.     Defendant's actions, about which Plaintiff now complains, were a just and proper exercise of management discretion, undertaken for fair and honest reasons in good faith under the circumstances then existing.

11.     Defendant had legitimate, non-discriminatory reasons for taking the actions which are the subject of the instant complaint.

12.     There is no basis for imputing liability to the Defendant.

13.     Plaintiff suffered no tangible employment action.

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 6

14. Plaintiff has no damages.  To the extent damages exist, Plaintiff failed to mitigate damages.

15. Plaintiff was not a qualified person with a disability.

16. One or more of the actions plaintiff sought may have constituted an undue hardship and/or posed a direct threat.

17. Defendant reserves the right to amend this Answer to state additional defenses, and to delete or withdraw defenses, as may become apparent during the course of discovery.


WHEREFORE, having fully answered the complaint, the United States prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by her Complaint, and that the United States be allowed costs and such other and further relief as the Court deems just and equitable.


DATED this 21st day January, 2020.


Respectfully submitted,


BRIAN T. MORAN
United States Attorney


*s/ Sarah K. Morehead*
SARAH K. MOREHEAD, WSBA #29680
Assistant United States Attorney
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
E-mail:  sarah.morehead@usdoj.gov

ANSWER & AFFIRMATIVE DEFENSES
[Case No. 3:19-cv-06027-BHS] - 7

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United

States Attorney for the Western District of Washington and is a person of such age and discretion

as to be competent to serve papers;

It is further certified that on this date, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the following

CM/ECF participant(s):


Chalmers C. Johnson          chalmers@gsjoneslaw.com


I further certify that on this date, I mailed, by United States Postal Service, the foregoing

to the following non-CM/ECF participant(s), addressed as follows:


-0-

DATED this 21st day of January, 2020.

 *s/ Julene Delo*
JULENE DELO, Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:  206-553-4067
E-mail:  julene.delo@usdoj.gov

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970